[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
The Windham State's Attorney moves to disqualify Attorney Arthur Meisler from further representation of Richard Straub, the defendant in these criminal cases. Straub, a former probation officer, is alleged to have compelled several probationers to engage in sexual acts with him by intimidation and promises of favorable treatment arising from Straub's position as a probation officer. Straub is also alleged to have attempted to tamper with witnesses to thwart the criminal investigation of these allegations.
Straub was arrested on the original set of charges on November 21, 1996, and Attorney Meisler appeared on Straub's behalf at his arraignment the next day. On November 19, 1997, the State's Attorney filed this disqualification motion. On January 21, 1998, Attorney Edward J. Peters, Jr., appeared as co-counsel for Straub. Straub's defense team has CT Page 5407-a indicated to the court that Attorney Peters will be lead counsel at trial.
The State's Attorney offers two grounds for this motion. One ground arose from the State's Attorney's forwarding of material purportedly supporting possible criminal charges against Attorney Meisler with the Chief State's Attorney's Office. The State's Attorney contended that the pending investigation of Attorney Meisler by the Chief State's Attorney's Office for alleged misconduct stemming from Attorney Meisler's activities with regard to witnesses in the Straub case would create a divided loyalty on Attorney Meisler's part. This conflict would stem from Attorney Meisler's duty to represent Straub vigorously weighing against his possible fear of prosecution for his pretrial activities. In other words, Attorney Meisler's defense of Straub might be altered by the attorney's need to make his own conduct appear in the best light possible.
This ground has been mooted by Straub's express, voluntary, and intelligent waiver of any conflict on this basis on the record at the hearing on this motion. The second ground for this motion is a claim that Attorney Meisler will likely be needed as a defense witness at trial. Under our rules of professional conduct, specifically Rule 3.7, an attorney is prohibited from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness" with certain exceptions inapplicable to this case. Whenever an attorney reasonably foresees that he or she will be a witness on a material matter, the attorney should withdraw from the case, State v. Rapuano, 192 Conn. 228, 231 (1984).
The State's Attorney has submitted a proffer indicating that one of the alleged victims, "O," gave statements to the police implicating Straub in the alleged misconduct. The proffer further indicates that O avers that his public defender introduced him to Attorney Meisler, urged him to cooperate with Straub's counsel, and that eventually Attorney Meisler procured from O a written recantation of his earlier statements to police inculpating Straub. The proffer also indicates that O gave statements to the police subsequent to this recantation reiterating Straub's guilt and attributing the recantation to O's public defender's advice and the fact that O disclaimed ever reading the recantation before signing it.
The proffer also indicates that the mother of two additional victims has averred that she spoke to Attorney Meisler by phone, and Attorney Meisler advised her to refrain from speaking to the police about Straub. She also stated that Attorney Meisler questioned her about what her son had said to the police about the matter. Attorney Meisler also stressed CT Page 5407-b Straub's innocence to her. The State's Attorney argues that this conversation will be admissible at trial to prove consciousness of guilt by Straub. The court declines to address the admissibility of this conversation because the court feels that the State's Attorney's claim with respect to Attorney Meisler's contact with O is dispositive of this motion.
The defense has submitted a proffer indicating that Attorney Meisler was not present during the interviews of O by the defense. Rather, it was the defense investigator, Art Richardson, who conducted the interviews which produced the exculpatory statement from O. The location of the interviews is also disputed. The credibility of O appears highly material to this case. The court concludes that it appears reasonably likely that Attorney Meisler's testimony will be needed to resolve the contradictory testimony of O and Richardson on the point of Attorney Meisler's presence and participation in the interview process which resulted in O's written refutation of his earlier statements to the police and to impeach O's credibility.
Rule 3.7(a) would, under these circumstances, bar Attorney Meisler from representing Straub at trial unless such disqualification would work substantial hardship on Straub. In the present case, another attorney has already been retained by Straub to present his defense at trial. No substantial hardship would result from Attorney Meisler's absence at trial.
The roles of advocate and witness are inherently inconsistent, VirginIslands v. Zepp, 748 F.2d 125, 138 (CA3 1984). The function of an advocate is to advance and argue the cause of the client, while that of a witness is to state facts objectively, id. The Model Code of Professional Responsibility notes, in Ethical Consideration 5-9, that such a dual role makes the attorney impeachable as a witness because of the attorney's interest in the case and puts the attorney in the undesirable position of arguing his or her own credibility. The policy rationale behind the prohibition found in rules such as Rule 3.7 is to avoid this "unseemly position," Mannhalt v. Reed, 847 F.2d 576, 581 (CA9 1988).
Even if counsel doesn't testify, there is the risk of becoming an unsworn witness in the case when that counsel personally observed some event relevant to the trial, U.S. v. Cunningham,672 F.2d 1064, 1074 and 1075 (CA2 1982). The manner of examining witnesses and the points raised in argument inferentially pit the testimony of the witness and the attorney's questions and argument against each other making the attorney an unsworn CT Page 5407-c witness. The alternative is that the attorney abandons otherwise fertile areas for questions and summation. Consequently, if an attorney has personal knowledge of the facts pertinent to the case, the attorney must be disqualified, U.S. v. Luna,584 F. Sup. 138, [U.S. v. DeLuna, 584 F. Sup. 139], 145 and 146 (W.D.Mo. 1984). Here, the victim of some of the alleged crimes indicates that his written statement absolving Straub was false and unread by him and produced by Attorney Meisler's efforts. The details of the interviews, the motivations of the declarant, and the sequence of events will be critical factors in weighing the believability of the victim. Attorney Meisler's personal knowledge of his own whereabouts will be highly useful to the factfinder in determining O's credibility and Richardson's credibility.
The disqualification of Attorney Meisler need not be plenary, however. Rule 3.7(a) only bars representation "at a trial." Limited disqualification has been recognized as appropriate in such circumstances, especially in recognition of a defendant's right to counsel of his choice, U.S. v. McKeon, 738 F.2d 26, 35 (CA2, 1984). Attorney Meisler may not represent the defendant before the factfinder at trial but may continue to provide legal advice and make argument before the court and act as co-counsel in all other respects.
SFERRAZZA, J.
CT Page 5402